UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREA G. ROSS MILEY,<br><br>    Plaintiff<br><br>    v.<br><br>HARD ROCK HOTEL AND CASINO PUNTA CANA, *et al.*,<br><br>    Defendants | Civil Action No. 19-3381 (CKK) |

MEMORANDUM OPINION
(May 3, 2021)

Plaintiff Andrea G. Ross Miley, who appears *pro se*, brings this action against Hard Rock Hotel and Casino Punta Cana ("Hard Rock Punta Cana") and Hard Rock Café International (USA), Inc. ("Hard Rock International"), alleging she suffered personal injuries while on vacation at Hard Rock Punta Cana.[1] Over the course of a year, Plaintiff was granted five extensions of time to perfect service of process on both entities. Plaintiff now claims that both defendants have been served with process. Hard Rock International moved to dismiss Plaintiff's Complaint (contesting service of process, among other issues), but Plaintiff failed to file an opposition to Hard Rock International's motion to dismiss by the deadline ordered by the Court. Accordingly, after notice to Plaintiff, the Court treated the motion as conceded and dismissed Hard Rock International from this action without prejudice.

---

[1] Plaintiff sued an entity called "Hard Rock International/Seminole." *See* Compl., ECF No. 1. In its [15] Motion to Dismiss, Hard Rock Café International (USA), Inc. states that it is "not aware" of an entity with the name "Hard Rock International/Seminole," but Plaintiff attempted service "on the registered agent for Hard Rock Café International (USA), Inc." Def.'s Mot. to Dismiss at 1 n.1, ECF No. 15-1.

1

Currently before the Court is Plaintiff's [18] Motion Requesting an Enlargement of Time to Respond to Hard Rock International's Motion to Dismiss.² For the reasons set forth below, the Court shall **DENY** Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed her Complaint on November 8, 2019. *See* Compl., ECF No. 1. She alleges that while on vacation at the Hard Rock Hotel and Casino in Punta Cana, Dominican Republic, she suffered head, back, neck, and shoulder injuries from being "struck" when "an overhead prop fell from above." Compl. at 1, ¶¶ 1, 2. Plaintiff sued Hard Rock Punta Cana and Hard Rock International for "compensatory damages in the amount of $100,000 for her injuries," though she does not indicate in her Complaint her theory of either defendant's legal liability for her injuries. *Id.* at 2, ¶ 1.

Plaintiff five times requested additional time to effect service of process on Defendants. *See* ECF Nos. 4, 6, 8, 11, 13. The Court granted each motion. *See* ECF Nos. 5, 7, 9, 12, 14. In her most recent extension motion, filed on November 7, 2020, Plaintiff claimed that she had served Hard Rock International. *See* ECF No. 13. On November 13, 2020, Defendant Hard Rock International filed a [15] Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief may be granted. *See* Defendant Hard Rock Café International (USA), Inc.'s Motion to Dismiss, ECF No. 15 ("Def.'s Mot. to Dismiss"). On the same date, the Court issued a [16] Order pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ("*Fox* Order"), informing Plaintiff that she must

---

² In the same motion, Plaintiff seeks default judgment against Hard Rock Punta Cana. The Court shall also deny that motion, for the reasons set forth in a separate, forthcoming Order. This Memorandum Opinion shall discuss the issues pertinent to Hard Rock International's Motion to Dismiss.

respond to Hard Rock International's Motion to Dismiss by no later than **December 22, 2020** and directing that if she "does not file a response, the Court will treat the motion as conceded and dismiss [Hard Rock International]."

Plaintiff did not file a response to Hard Rock International's Motion to Dismiss by December 22, 2020, nor did she file a motion for an extension of time. Treating Hard Rock International's Motion to Dismiss as conceded pursuant to its *Fox* Order and Local Civil Rule 7(b), the Court granted Hard Rock International's motion to dismiss on January 7, 2021 and dismissed without prejudice Hard Rock International from this action. *See* Order, ECF No. 17.

Then, on January 8, 2021, Plaintiff filed the present Motion Requesting an Enlargement of Time to Respond to [Hard Rock International's] Motion to Dismiss and for Entry of Default Judgment as to [Hard Rock Punta Cana] ("Pl.'s Mot."). In her motion, Plaintiff states that she "misread" the Court's *Fox* Order and "mis-calendared" the date for her to respond. Plaintiff requests that the Court "enlarge" her time to file a response to Hard Rock International's Motion to Dismiss. *See* Pl.'s Mot. at 1, ¶ 1. Plaintiff includes in her Motion arguments in response to Hard Rock International's Motion to Dismiss. *See id.* at pp. 2–4.

## II.     DISCUSSION

### A. Plaintiff Failed to Respond to Hard Rock International's Motion to Dismiss Within the Time Period Ordered by the Court.

Although *a pro se* plaintiff is "provided with some latitude in maneuvering through the trial process," she is nonetheless "obligated to prosecute her lawsuit in accordance with Federal Rules of Civil Procedure and the local rules of this court." *Akers v. Liberty Mut. Grp.*, 274 F.R.D. 346, 349 (D.D.C. 2011) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *Clariett v. Rice*, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005)). Local Civil Rule 7(b) provides that the Court "may direct" the time within which an "opposing party shall serve and file a

3

memorandum of points and authorities in opposition to [a] motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b).

Here, the Court plainly directed Plaintiff to file an opposition to Hard Rock International's Motion to Dismiss by December 22, 2020 and advised Plaintiff of the consequences for failing to file an opposition within that timeframe. *See Fox* Order. Plaintiff failed to file her opposition within the prescribed time period. Her failure to respond alone would be sufficient to consider Hard Rock International's motion to dismiss conceded and to dismiss that defendant from this lawsuit. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004) ("[W]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.") (internal citations and quotation marks omitted).

The Court may only consider Plaintiff's motion—filed after her time to file her opposition—if she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Four factors guide the Court's determination of when a late filing may constitute "excusable neglect": "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The moving party's fault is "the most important single factor." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14–15 (D.D.C. 2003) (internal citations and quotation marks omitted); *see also Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) (fault is the "key factor" in excusable neglect analysis).

Here, Plaintiff's delay was not long enough to significantly delay proceedings and there is no reason to believe she acted in bad faith. However, Plaintiff explains that her delay in filing her

opposition was due to "mis-calendaring" the due date. Pl.'s Mot. at 2, ¶ 1. "Mis-calendaring" or miscalculating the due date for a responsive filing does not constitute "excusable neglect." *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 383 (D.D.C. 2007); *see also Halmon v. Jones Land Wootton USA*, 355 F. Supp. 2d 239, 242 (rejecting excuse that counsel "did not place the due date on her calendar"); *Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C. 2003) ("inadvertently overlook[ing]" a filing deadline does not constitute "excusable neglect"). "[I]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Accordingly, the Court finds that Plaintiff's excuse of misreading the due date for her opposition does not amount to excusable neglect.

Because, however, Plaintiff appears to have included in her Motion her arguments in response to Hard Rock International's Motion to Dismiss, *see* Pl.'s Mot. at 3–5, the Court shall construe her pleading as a motion to reconsider the Court's order dismissing Hard Rock International. Even considering the arguments offered by Plaintiff in response to Hard Rock International's Motion to Dismiss, the Court would still deny Plaintiff's motion for reconsideration and grant Hard Rock International's motion to dismiss.

**B. Plaintiff Has Not Established that the Court Has Personal Jurisdiction Over Defendant Hard Rock International.**

Defendant Hard Rock International moved to dismiss Plaintiff's Complaint, among other reasons, for lack of personal jurisdiction. A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Although, again, *pro se* litigants are held to a less stringent standard of pleading, they must nonetheless comply with the Federal Rules of Civil Procedure. *Satterlee v. Comm'r of Internal Revenue*, 195 F. Supp. 3d 327, 334 (D.D.C. 2016). Plaintiff's Complaint plainly fails to state any grounds to support the Court's exercise of personal jurisdiction over Hard Rock International. Plaintiff raises for the first time in

5

her motion facts which she contends demonstrate that the Court has personal jurisdiction over Hard Rock International. Because Plaintiff is *pro* se, the Court considers the facts alleged in both the Complaint and Plaintiff's Motion. *See Brown v. Whole Foods*, 789 F.3d 146, 152 (D.C. Cir. 2015) (court should consider "the facts alleged in *all* of [a *pro see* plaintiff's] pleadings when evaluating a motion to dismiss"); *Fillmore v. AT&T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("The Court, as it must in a case brought by a pro se plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss."). For the reasons described below, Plaintiff has failed to demonstrate that the Court has personal jurisdiction over Hard Rock International.

Personal jurisdiction "takes two forms: (1) general or all-purpose jurisdiction or (2) specific or case-linked jurisdiction." *Vasquez v. Whole Foods Market*, 302 F. Supp. 3d 36, 45 (D.D.C. 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011) (internal quotation marks omitted)). General jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state such that the defendant is "essentially at home" in the forum. *Goodyear*, 564 U.S. at 919. A corporation is "fairly regarded as at home" in "the place of incorporation and principal place of business." *Id.*; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In this case, Plaintiff does not contend that the Court has general jurisdiction over Hard Rock International.[3] *See* Pl.'s Mot. at 3 (arguing that the Court should "deploy its Long Arm statute"). Accordingly, the Court turns to the question of specific jurisdiction.

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes

---

[3] Hard Rock International indicates that it is a Florida corporation with its principal place of business in Florida. Def.'s Mot. to Dismiss at 1, 2, 6 n.2

jurisdiction." *Goodyear*, 564 U.S. at 919 (citation omitted). A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must demonstrate that specific jurisdiction comports with the forum's long arm statute and does not violate due process. Where, as here, subject matter jurisdiction is based on diversity of citizenship, the District of Columbia's long arm statute, D.C. Code § 13–423, "determines whether there is a basis for exercising personal jurisdiction over the defendants." *Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 140 (D.D.C. 2013) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 455 (D.C. Cir. 1990)).

The District of Columbia's long arm statute provides, in pertinent part, that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly, or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia[.]" D.C. Code § 13–423(a)(1). The District's long arm statute is coextensive with the constitutional requirements for personal jurisdiction, *Crane v. Carr,* 814 F.2d 758, 762 (D.C. Cir. 1987), and requires that "non-resident defendants have certain minimum contacts with the forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945). It further provides that "[w]hen jurisdiction over a person is based solely upon this section, only claims for relief arising from acts enumerated in this section may be asserted against him." D.C. Code § 13–423(b).

In her Motion, Plaintiff appears to rely on the "transacting business" prong of the District's long arm statute, contending that Hard Rock International "continuously and systematically advertise[s] in [the Washington, D.C.] area to [attract] tourists to its various resorts," through "virtual contact and computer presence, including social media." *See* Pl.'s Mot. at 3. To establish personal jurisdiction under the "transacting business" provision, the plaintiff must prove that that "the defendant (1) transacted business in the District; (2) that the claim arose from the business

7

transacted in the District; and (3) that the defendant 'had minimum contacts with the District of Columbia such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Myers*, 915 F. Supp. at 140 (quoting *Dooley v. United Techs. Corp.,* 786 F. Supp. 65, 71 (D.D.C. 1992), *overruled on other grounds,* (citing *Int'l Shoe,* 326 U.S. at 316).

Plaintiff first argues that Hard Rock International's "substantial advertising" in the District of Columbia demonstrates that Hard Rock International "transacts business" in the District. *See* Pl.'s Mot. at 2. The District of Columbia Court of Appeals has noted that a "single advertisement" or "sporadic advertising from a travel agency located far from the forum state" does not amount to "transacting business" within the District of Columbia. *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 336 (D.C. 2000) (emphasis added). Applying the Court of Appeals' reasoning, the court in *Myers v. Holiday* rejected the plaintiff's argument that the district court had personal jurisdiction over a Georgia-based Holiday Inn franchise (where the plaintiff had sustained an injury) because Holiday Inn "advertised in the District." 915 F. Supp. 2d at 141. The court concluded that such "advertisements" were insufficient to confer personal jurisdiction because they failed "to create a jurisdictional nexus between Atlanta, Georgia and the District of Columbia, or to reflect purposeful activity relating to the Georgia franchise," noting that the ads identified by the plaintiff "were directed toward a local [Washington, D.C.] Holiday Inn franchise." *Id.* Similarly, Plaintiff here has not demonstrated *any* nexus between the two named defendants,[4]

---

[4] Hard Rock International indicates in its Motion to Dismiss that it "has no relationship to the hotel referenced in Plaintiff's Complaint, the Hard Rock Hotel and Casino in Punta Cana, Dominican Republic." Def.'s Mot. to Dismiss at 1 n.1. Plaintiff does not directly dispute this point, contending only that she identified "Hard Rock International/Seminole" during her efforts to identify Hard Rock Punta Cana's parent company. Pl.'s Mot. at 3. She fails to identify any connection between the two entities beyond the use of the "Hard Rock" name. *Id.*

much less any nexus between purported advertisements by Hard Rock International in Washington, D.C. and the Hard Rock Punta Cana, the location where she sustained injuries. For example, she has not contended that she chose to visit the *Hard Rock Punta Cana* based on any advertisements by *Hard Rock International* that she saw in the District of Columbia. *See id.* at 142 ("Not only were the advertisements for *local* Holiday Inn franchises, the plaintiff did not make the independent decision to stay at the Georgia hotel based on such advertisements."). Plaintiff has not demonstrated that Hard Rock International's "advertisements" show that it transacts business in the District of Columbia.

Plaintiff also argues that Hard Rock International "has establishments and affiliates locally" in the District of Columbia. Pl.'s Mot. at 2, 3. This argument also fails to support the Court's exercise of jurisdiction because Plaintiff has made no effort to demonstrate how her claims "arise out" of Hard Rock International's purported contacts with the District of Columbia, as required by D.C. Code § 13–423(b) ("When jurisdiction over a person is based solely upon this section, only a claim for relief *arising from acts* enumerated in this section may be asserted against him."). Plaintiff's sparse Complaint sounds in negligence, but fails to allege any role by Hard Rock International—or its establishments in the District of Columbia—in the incident causing her injuries in Punta Cana. Accordingly, Plaintiff has not shown any connection between Hard Rock International's purported relationship with the District of Columbia and the dispute in this case to satisfy the District's long arm statute or due process. The Court shall, therefore, deny Plaintiff's motion for enlargement of time to respond, construed as a motion to reconsider the dismissal of Hard Rock International from this suit, because the Court lacks personal jurisdiction over that defendant.

Because the Court concludes that it lacks personal jurisdiction over Hard Rock International, it does not reach Hard Rock International's arguments regarding improper venue, deficient service of process, and the Complaint's failure to state a claim.  *See* Def.'s Mot. to Dismiss at 6–9.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's [18] Motion Requesting an Enlargement of Time to Respond.  An appropriate Order accompanies this Memorandum Opinion.

```
                              /s/
                    COLLEEN KOLLAR-KOTELLY
                    United States District Judge
```