UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREA G. ROSS MILEY, <br>     Plaintiff <br><br> v. <br><br> HARD ROCK HOTEL AND CASINO PUNTA CANA, *et al.*, <br>     Defendants | Civil Action No. 19-3381 (CKK) |

**MEMORANDUM OPINION**
(February 1, 2022)

Plaintiff Andrea G. Ross Miley, who appears *pro se*, brought this action against Hard Rock Hotel and Casino Punta Cana ("Hard Rock Punta Cana") and Hard Rock Café International (USA), Inc. ("Hard Rock International"), alleging she suffered personal injuries while on vacation at Hard Rock Punta Cana, located in the Dominican Republic. Hard Rock International was previously dismissed from the case due to lack of personal jurisdiction. *See* Order, ECF No. 17; Order, ECF No. 22, Mem. Op., ECF No. 23.

Currently before the Court is a [25] Motion to Dismiss filed by Inversiones Zahena, SA ("Defendant"), which seeks dismissal on behalf of Hard Rock Punta Cana, indicating that it is the "owner and operator" of that entity. Defendant contends that Plaintiff's claims against it should be dismissed for lack of personal jurisdiction, insufficient service of process, improper venue, and failure to state a claim upon which relief can be granted. Because the Court concludes that it lacks personal jurisdiction over Defendant it shall **GRANT** Defendant's [25] Motion to Dismiss and **DISMISS** this case.

1

## I. BACKGROUND

The Court previously dismissed Hard Rock International as a defendant in this action, and so its discussion here pertains only to the remaining defendant, Hard Rock Punta Cana. As previously indicated, the pending motion to dismiss was filed by Inversiones Zahena, SA, which indicates that it is the owner and operator of the hotel referenced in Plaintiff's Complaint as "Hard Rock Hotel and Cana Punta Cana" (and which the Court has previously referred to as "Hard Rock Punta Cana"). For ease of discussion, the Court shall hereinafter refer to the movant as "Defendant."

Plaintiff filed her Complaint on November 8, 2019. *See* Compl., ECF No. 1. She alleges that while on vacation at the Hard Rock Hotel and Casino in Punta Cana, Dominican Republic, she suffered head, back, neck, and shoulder injuries from being "struck" when "an overhead prop fell from above." Compl. at 1, ¶¶ 1, 2. Plaintiff sued Hard Rock Punta Cana and Hard Rock International for "compensatory damages in the amount of $100,000 for her injuries," though she does not indicate in her Complaint her theory of either defendant's legal liability for her injuries. *Id.* at 2, ¶ 1.

Plaintiff five times requested additional time to effect service of process on Defendants. *See* ECF Nos. 4, 6, 8, 11, 13. The Court granted each motion. *See* ECF Nos. 5, 7, 9, 12, 14. Plaintiff explained that her efforts to effect service of process on Hard Rock Punta Cana had been delayed due to closures caused by COVID-19 pandemic. *See* ECF No. 13, ¶ 4. She also noted that she learned that Hard Rock Punta Cana had "changed ownership" and that the "best contact information" for the new ownership group was an address for an entity called "RCD Hotels," located in Cancun, Mexico. *Id.* She informed the Court that "a service of process packet was forwarded to the business and individuals" at the Cancun address. *Id.*

On January 8, 2021, Plaintiff filed a [18] Motion for Default Judgment as to Defendant Hard Rock Punta Cana.  Therein, she indicated that she had "recently received proof that the summons and complaint were received by the above alleged new owners of [Hard Rock Punta Cana]," referring to the individuals associated with RCD Hotels at the Cancun, Mexico address. Pl.'s Mot. for Default J. at 5.  Plaintiff separately filed a form dated January 8, 2021 entitled "Proof of Service."  *See* ECF No. 19.  The Proof of Service indicates that a non-party "served the summons" on two individuals understood by Plaintiff to be the agents of Hard Rock Punta Cana's purported new ownership group, RCD Hotels.  *See* Proof of Service, ECF No. 5; see Pl.'s Mot. for Default J. at 4–5.  The "Proof of Service" provided no information about the method by which service was purportedly completed, though Plaintiff's motion attached a screenshot of a U.S. Postal Service tracking number indicating that a package was "Delivered" to an address in Mexico on October 28, 2020, as well as a registered mail receipt for an item sent to the purported agents of RCD Hotels.  Pl.'s Mot. for Default J., Atts. 5, 8.

The Court denied Plaintiff's motion for default judgment in an order dated May 3, 2021. *See* Order Denying Pl.'s Mot. for Def. J., ECF No. 24.  The Court noted that it was "not satisfied" that Plaintiff had perfected service of process on Hard Rock Punta Cana because it was not clear from her submissions that she had complied with Federal Rule of Civil Procedure 4(h)(2).  The Court ordered Plaintiff to file by no later than June 11, 2021 either "(1) notice explaining how her method of service on Defendant [Hard Rock Punta Cana] complies with Federal Rule of Civil Procedure 4 and an appropriate server's affidavit in accordance with Rule 4(*l*); or (2) a status report providing an update to the Court regarding renewed efforts to perfect service on Defendant [Hard Rock Punta Cana]."  Order Denying Pl.'s Mot. for Def. J. at 2.  The Court warned that "failure to make such filing by the date specified" would "result in denial of Plaintiff's motion [for default

3

judgment] *with prejudice*" and dismissal of Defendant Hard Rock Hotel and Casino Punta Cana from this case. *Id.*

In the meantime, on May 6, 2021, Defendant filed a [25] Motion to Dismiss on behalf of Hard Rock Punta Cana, indicating that it is the "owner and operator of the hotel referenced in the Plaintiff's Complaint as 'Hard Rock Hotel & Casino Punta Cana.'" *See* Def.'s Mot. at 25. Defendant seeks dismissal of Plaintiff's Complaint, contending that Plaintiff has not properly effected service of process, that she has failed to establish personal jurisdiction over Defendant, that venue is improper in this jurisdiction, and that the Complaint fails to state a claim upon which relief may be granted. *See generally id.*

On May 7, 2021, the Court issued a [26] Order pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ("*Fox* Order"), informing Plaintiff that she must respond to Defendant's Motion to Dismiss by no later than June 4, 2022 and directing that if she "does not file a response, the Court will treat the motion as conceded[.]" *Fox* Order, ECF No. 26. In the same order, the Court *vacated* the requirement that Plaintiff file a notice by June 11, 2021 explaining how her efforts to serve Hard Rock Punta Cana complied with Rule 4 or a status report providing an update on her efforts perfect service on Defendant Hard Rock Punta Cana. *Id.*

Plaintiff filed her [27] Opposition to Defendant's Motion to Dismiss on June 4, 2021, and Defendant filed its [30] Reply on June 18, 2021. Despite Defendant's representation in its motion to dismiss that it is the "owner and operator of the hotel referenced in the Plaintiff's Complaint as 'Hard Rock Hotel & Casino Punta Cana,'" Plaintiff contends in her opposition that "there is much confusion as to who [is] the real owner of . . . HR Punta Cana[.]" Pl.'s Opp'n ¶ 1. She claims that "[r]ecent investigative information reveals that Palace Resort of Miami, Florida is the owner," but that "[p]revious information ha[d] revealed that RCD Hotels in Mexico was the owner and that

4

[two] different individuals residing in Cancun, Mexico . . . were the real parties in interest and should be served." *Id.* She notes that "the matter is still under investigation" and the court "will be kept advised." *Id.*

Plaintiff also requested an extension of time to respond to the Court's order directing her to file an explanation of her service of process on Hard Rock Punta Cana or a status report on her efforts to serve that entity—despite the fact that the Court vacated that deadline in its *Fox* Order. *See* Pl.'s Mot. for Extension, ECF No. 29. Because the Court had previously vacated that deadline, *see Fox* Order, ECF No. 26, Plaintiff's request for an extension is moot.

## II. DISCUSSION

Defendant has moved to dismiss Plaintiff's Complaint, among other reasons, for lack of personal jurisdiction. A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Although, again, *pro se* litigants are held to a less stringent standard of pleading, they must nonetheless comply with the Federal Rules of Civil Procedure. *Satterlee v. Comm'r of Internal Revenue*, 195 F. Supp. 3d 327, 334 (D.D.C. 2016). Plaintiff's Complaint plainly fails to provide any factual grounds to support the Court's exercise of personal jurisdiction over Defendant, a corporation "based in the Dominican Republic" for injuries she allegedly suffered while she was on vacation at that location. Def.'s Mot. at 1.

Plaintiff does not address Defendant's argument that the Court lacks personal jurisdiction over an international corporation for injuries she allegedly suffered while she was out of the country. The only mention of "personal jurisdiction" in her Opposition is: "[I]n terms of personal jurisdiction, [Hard Rock] Punta Cana is clearly more culpable than perhaps one of several HR Internationals, depending on the nexus." Pl.'s Opp'n ¶ 3. But personal jurisdiction does not turn on "culpability" and it is unclear to the Court to what "nexus" Plaintiff is referring.

Plaintiff also argues that "[t]here is . . . confusion as to who [is] the real owner" of Hard Rock Punta Cana, claiming that "[p]revious information . . revealed that RCD Hotels in Mexico was the owner" and that two individuals residing in Cancun, Mexico were "the reals parties in interest." Pl.'s Opp'n ¶ 1.  She further contends that unspecified "recent investigative information reveals that Palace Resort of Miami, Florida is the owner of Hard Rock Punta Cana." *Id.*  But even *assuming* that one of these entities is the "real owner" of Hard Rock Punta Cana, Plaintiff still fails to address the basis for the Court's exercise of personal jurisdiction over either one that she has posited.

Personal jurisdiction "takes two forms: (1) general or all-purpose jurisdiction or (2) specific or case-linked jurisdiction." *Vasquez v. Whole Foods Market*, 302 F. Supp. 3d 36, 45 (D.D.C. 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011) (internal quotation marks omitted)).  General jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state such that the defendant is "essentially at home" in the forum.  *Goodyear*, 564 U.S. at 919.  A corporation is "fairly regarded as at home" in "the place of incorporation and principal place of business." *Id.*; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  In this case, Plaintiff does not contend that the Court has general jurisdiction over Defendant, a corporation in the Dominican Republic.  Nor does she contend that the Court has general jurisdiction over the individuals or entities that she claims are the "real owners"— located in Mexico or Florida.  Accordingly, the Court turns to the question of specific jurisdiction.

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (citation omitted).  A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must demonstrate that specific jurisdiction

6

comports with the forum's long arm statute and does not violate due process. Where, as here, subject matter jurisdiction is based on diversity of citizenship, the District of Columbia's long arm statute, D.C. Code § 13–423, "determines whether there is a basis for exercising personal jurisdiction over the defendants." *Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 140 (D.D.C. 2013) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 455 (D.C. Cir. 1990)). The District's long arm statute is coextensive with the constitutional requirements for personal jurisdiction, *Crane v. Carr,* 814 F.2d 758, 762 (D.C. Cir. 1987), and requires that "non-resident defendants have certain minimum contacts with the forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945). It further provides that "[w]hen jurisdiction over a person is based solely upon this section, only claims for relief arising from acts enumerated in this section may be asserted against him." D.C. Code § 13–423(b).

Plaintiff makes no allegation or argument demonstrating *any* contacts between Defendant and the District of Columbia, much less any of the contacts specified by the District's long arm statute. Nor has she identified any such contacts for the Mexican and/or Floridian entities that she claims are the "real owners" of the Hard Rock Punta Cana. For example, as Defendant notes, she makes no allegation that Defendant "transacts any business or has any continuous and systematic contacts with the District of Columbia." Def.'s Mot. to Dismiss to 11. Rather, the allegations in the Complaint are limited to claiming that she suffered an injury at a hotel in the Dominican Republic, which she alleged was owned by a Dominican company. *See* Compl. Such allegations provide *no* nexus or contacts with this jurisdiction.

Because Plaintiff is *pro se*, the Court has also considered her arguments offered in other, earlier pleadings. For example, in response to Hard Rock International's motion to dismiss,

Plaintiff claimed that Hard Rock Punta Cana "advertises" in Washington, D.C., suggesting that this activity satisfied the "transacting business" prong of the District's long arm statute. Pl.'s Resp. to Def. Hard Rock Int'l Mot. to Dismiss at 2, ECF No. 18 (claiming that "both Defendants solicit and conduct substantial advertising" in Washington, D.C."). But this theory fails as to Hard Rock Punta Cana for the same reasons it failed against Hard Rock International. To establish personal jurisdiction under the "transacting business" provision, the plaintiff must prove that that "the defendant (1) transacted business in the District; (2) that the claim arose from the business transacted in the District; and (3) that the defendant 'had minimum contacts with the District of Columbia such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Myers*, 915 F. Supp. at 140 (quoting *Dooley v. United Techs. Corp.,* 786 F. Supp. 65, 71 (D.D.C. 1992), *overruled on other grounds,* (citing *Int'l Shoe,* 326 U.S. at 316). Plaintiff here has not demonstrated *any* nexus between alleged advertisements by Hard Rock International *or* Hard Rock Punta Cana in Washington, D.C. and her alleged injury in the Dominican Republic. *See* D.C. Code § 13–423(b) (for claims arising under D.C.'s long arm statute, "only claims for relief arising from acts enumerated in this section may be asserted against [the defendant]"). Simply put, Plaintiff has not shown any connection between Hard Rock Punta Cana and the District of Columbia, and therefore fails to satisfy the District's long arm statute or due process. The Court lacks personal jurisdiction over Defendant.

Because the Court concludes that it lacks personal jurisdiction over Defendant, it does not reach the remaining arguments regarding improper venue, deficient service of process, and the Complaint's failure to state a claim. *See* Def.'s Mot. to Dismiss at 5–9, 12–14.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's [25] Motion to Dismiss and **DISMISSES** this case.  An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: February 1, 2022